# ABELARDO MARTINEZ, ETC.,

*v.*

# THE PAUL TAYLOR BROWN COMPANY.

San Juan, Law, No. 918.

### THE COURT'S INSTRUCTIONS TO THE JURY.

Court—Jury.

1. The jury are a part of the court. The judge instructs as to the law, and the jury judge as to the facts.

Counsel—Jury.

2. Differences between counsel are not a matter which concerns the jury.

Admissibility—Credibility.

3. It is for the judge to admit evidence, and for the jury to determine its weight. The jury must consider all evidence, but need not believe a witness if he has not told the truth.

Contradiction of Witnesses.

4. The fact that witnesses differ from each other does not necessarily prove that either one is lying. Men look at things from different view points, and it is the duty of the jury to reconcile the testimony as far as they can.

Witnesses—Impeachment.

5. The fact that a witness has made a contradictory statement, and is repudiated by the side putting him on the stand, leaves the jury at liberty to disregard his evidence if they think proper.

NOTE.—On the question of presumption and burden of proof as to capacity of minor servant to comprehend and avoid danger, see note in 29 L.R.A.(N.S.) 487.

As to servant's assumption of risk of danger imperfectly appreciated, see note in 4 L.R.A.(N.S.) 990.

### Martinez v. The Paul Taylor Brown Co.

Jury—Deliberations.

> 6. Jurors should try to harmonize their views, unless a matter of principle is involved.

Preponderance of Evidence—Verdict.

> 7. In civil cases the verdict should be determined by the preponderance of evidence. This is determined by the credibility, and not by the number, of witnesses. The burden is upon the plaintiff.

Negligence—Damage.

> 8. In a suit for damages for personal injuries alleged to be caused by negligence, the defendant is liable if (1) there has been an injury (2) due to negligence (3) of the defendant or his agents. The fact of injury does not prove that it was due to the negligence of the defendant.

Agency—Foreman.

> 9. The defendant is liable if the accident was due to the negligence of his foreman, and this must be shown by the plaintiff. A foreman may be one who is directly appointed and acts as such, or it may be one who has assumed to act as foreman, and is in discharge of such duties, as to the part of the business concerned, by the acquiescence expressed or implied by the defendant.

Contributory Negligence—Minor.

> 10. A boy may be guilty of contributory negligence. This is a question not so much of minority as individual development.

Assumption of Risk—Minor.

> 11. Assumption of risk does not apply where a boy is sent to work at a machine with which he has no opportunity to become acquainted.

Damages—Measure.

> 12. The damages, if any, in a suit for personal injuries, are to be allowed in money, not exceeding the amount claimed, and under the Porto Rican statute are compensatory, and not punitive. The jury are entitled to take into account diminution of earning capacity, pain suffered, and any bodily deformity that has ensued.

Damages—Corporation.

> 13. Juries must be careful to give damages only where negligence of the defendant is proven. Machinery, factories, and corporations are essential to modern civilization.

Special Charges—General Charge.

> 14. A special charge is not entitled to any more weight than a gen-

Martinez v. The Paul Taylor Brown Co.

eral charge, and indeed-is not entitled to weight at all, except in connection with the general charge.

Ordinary Care—Boy.

15. In a suit by a boy for personal injury, the plaintiff must use the care which boys of his age of ordinary prudence .would use. Persons employing children must take into account their lack of maturity.

Dangerous Machinery—Instructions.

16. It is the duty of persons employing dangerous machinery to instruct their employees in the use of it.

Machinery—Dangerous.

17. A machine for desiccating pineapple peelings is not dangerous *per se* because it will injure one's hand if pushed down into it.

Verdicts.

18. Forms of verdict for plaintiff and for defendant in damage suits given.

Opinion filed November 17, 1913.

---

*Mr. H. G. Molina* for plaintiff.

*Mr. O. M. Wood* for defendant.

HAMILTON, Judge.

Gentlemen of the Jury: I will endeavor to state what is the law which will control you.

1. You, of course, are the exclusive judges of fact, as I have told you in some other cases. It is for me to say what is not in evidence, that is to say, what is not before you, but it is for you to judge of the credibility of what is in evidence, whether you will believe a witness, and how much you will believe, and the inferences you will draw from what he says.

Martinez v. The Paul Taylor Brown Co.

There is that division between the jury and the court. You are just as much a part of the court as I am. You are not members of the court as long as the judge is, but for the purposes of this case you are just as much a part of it as the judge. The judge instructs you as to the law, and you judge as to the facts. I usually give a charge extemporaneously, but there are reasons why I would prefer to give the charge in writing at this time.

2. The case is one, as you saw, that is well fought, very strenuously fought,—and in passing let me say that the differences of counsel are not material so far as you are concerned. The court regrets those that have come before you. The location of the jury is such that the back of counsel is turned to the court, and the court cannot always hear what is being said by counsel, but so far as I can, I will always keep counsel from stating what is not the law and not the fact.

3. As to this particular case, the question whether there is any evidence at all on a fact is for the court. But, supposing there is evidence, it is for you to say whether you will believe it, whether the demeanor or the conduct of witnesses leads you to believe a particular fact. The credibility, in other words, is for you. You do not have to believe a witness if you think he has not told the truth. That does not mean that you can arbitrarily disregard any testimony, but in court you pursue the same line of conduct that you do in your business. The weight of the evidence is for you.

4. Now in this case you will find, as in most cases, that witnesses contradict each other. That is almost unavoidable. But you must not therefore say that a witness lies. If you twelve men were to go out now, and try to give an account of

Martinez v. The Paul Taylor Brown Co.

what has happened in court, the chances are that there would be differences in the statements. Each man looks at things from a different view point. So try, gentlemen, to reconcile the testimony as far as you can. If you think a man has lied, that may be the end of his testimony, but do not lightly assume it.

5. In this particular case there is one witness who is not claimed by either side. He was put on by one side, and then rejected, and the other side does not seem to claim him. The evidence of that particular witness is impeached by the fact that he made a contrary statement on another occasion. You are at perfect liberty to disregard entirely what this witness said, if you think that is the proper action.

6. As to reconciling evidence, let me say in passing that this applies to your considerations when you get to your room. Try to harmonize your views as well as you can. Do not one of you insist that so and so must be done, but remember rather that it is twelve men that have to give the verdict, and see if you cannot agree. The limitation to that is the question of principle. If you think any matter of principle is involved, one man has a perfect right, and it may be his duty, to oppose the other eleven; but that very seldom occurs, and the court hopes it will not occur in this case.

7. This is not a criminal case. In criminal cases, the state, or in this court the United States, has to make out its case beyond a reasonable doubt. That has nothing whatever to do with this case. This is a civil suit, and you are to judge it as you would any affair of your own in civil life, and go by a preponderance of the evidence. If you think a fact has been determined by a preponderance of the evidence, that is, that

there is more evidence one way than there is the other, you should decide that way. This has nothing to do with the number of witnesses. It is quite possible that you may know a witness, and on account of his respectability or his demeanor or for some other reason you would believe him against a dozen others. That might well happen in any case. I, of course, do not say that it has happened in this case. But it is the credibility of the witnesses, and not the number of witnesses, that you should consider.

If the plaintiff has made out his case to your satisfaction, you should give him a verdict; if he has not, you would not give him a verdict. It rests, you must remember, on the plaintiff to make out his case. The defendant could sit still and introduce no evidence at all, though he has not done that in this case. The plaintiff has the laboring oar. The burden is on him, and it is for you to say whether he has made out his case by a preponderance of the evidence.

8. As to the law: the suit is brought under §§ 1803 and 1804 of the Civil Code of Porto Rico. Those sections are worded somewhat differently from the law of other communities, although I believe they are exactly the civil law of Spain. I will read them.

"Sec. 1803. A person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done.

"Sec. 1804. The obligation imposed by the preceding section is demandable not only for personal acts and omissions, but also for those of the persons for whom they should be responsible,"—an agent, for instance.

These two paragraphs are the law of the case, and they mean

Martinez v. The Paul Taylor Brown Co.

that if the defendant, the Paul Taylor Brown Company, has been negligent, either directly or through its agents, and that negligence has caused an injury to the plaintiff, then you are to find for the plaintiff.

You observe that there are two or three things involved. There must have been an injury, and there must have been negligence. If there was negligence and no injury, or if there was injury and no negligence on the part of the defendant, there would be no case. There is no dispute that the accident happened. The boy's hand speaks for itself. That is an unfortunate fact, but, while it is unfortunate, let us be careful as to what deduction we draw from it. The fact that the boy has met with the accident is something very much to be regretted by the jury and by the court, but this does not in itself mean that the defendant is to pay for it. The injury must have been caused by some act or omission of the defendant. In other words, do not allow sympathy to get away with what is right. It sometimes does with juries, and sometimes does with courts, and I make the suggestion, not because I think it is necessary, but because it is something that is sometimes overlooked. It is not that the plaintiff has suffered; it is that the defendant has caused the suffering, that you must consider.

9. In this case there seem to be two defenses or two questions, not about the accident. There is no question that it was caused by a machine, and, I think I may say, by this machine in evidence. There is no question that the two principal agents of the defendant, the superintendent and the manager, were not there. Did this accident happen through an act or omission of anybody for whom the defendant is responsible? The plaintiff has to show this. The burden is on him to show this. He

has alleged in his complaint that the accident was due to certain orders or instructions of the foreman, and you have to decide, therefore, whether this man, Gregorio Rexach, who gave the order, if any order was given, by which the boy went to the machine, was a foreman of the defendant, or was something equivalent to a foreman of the defendant. That is a question for you to decide. The plaintiff has produced evidence tending to show that he was. The defendant has produced evidence tending to show that he was not. But there are one or two things to be taken into account when we are speaking of a foreman. A foreman is nothing but an agent. Each of you on the jury is responsible for his agent. If you have a store or a bank or a business, and you have clerks doing something for you, you are, within certain limits, responsible for their acts. And a foreman or an agent in a case like this makes his principal responsible in one of several ways. In the first place, if Gregorio was appointed foreman and acted as such, the defendant is responsible for his acts. It is for you to decide, under the conflicting testimony, whether he was or was not appointed and acting as foreman. And, more than that, if he assumed to act as a foreman, and was actually in the discharge of the duties of a foreman in charge so far as concerns the part of the business with which we have to do, he did not need to be a foreman of the whole factory; there is no complaint here about the accident happening to the whole factory; but if he was foreman or acted as foreman for the part of the business where this accident happened, the defendant is responsible, if Rexach acted as a foreman with the acquiescence, express or implied, of the defendant. Of course, if Gregorio undertook to do things on his own account, and that

Martinez v. The Paul Taylor Brown Co.

was all, the defendant would not be responsible for his acts, but if, with such acquiescence of the defendant, he acted sufficiently to give the plaintiff reason to believe that he was boss or foreman, and the boy did what he was told to do, for the purposes of this case Gregorio would be a foreman.

So there are two possible kinds of foreman in this case. One is if Gregorio was absolutely appointed by the defendant. Another is if he acted without being appointed, but acted with the acquiescence of the defendant. In either case the defendant would be responsible.

10. The defendant also sets up the defense that there was contributory negligence or assumption of risk on the part of the plaintiff. This may or may not, under the circumstances, be a proper defense. If a man contributes to his own injury, he cannot blame anybody else. But the same care is not expected of a child as of a man. Each one of you the day before you are twenty-one years of age would not be able to tell the difference in your feelings between that time and two days later, when you were one day over twenty-one years of age. In other words, you see twenty-one years of age is a mere figure selected by law. There are certain strict rules as to boys under fourteen and under seven, but they do not apply in this case because the plaintiff was fifteen in any event. So that from the age of fifteen or about that time the question of negligence does come up. It is a question, not so much of minority as of the individual development of the boy at that time. We all know in literature and art that some people have matured very early and done great works at an early age, and it is for you to say what would be expected not of a boy of fifteen, but of this boy of fifteen. You saw him on the stand,

and you heard him undergo a searching examination. It is for you to say how much could be expected of that boy eighteen months ago, when he was fifteen years of age. It is possible that he might be guilty of contributory negligence, but as to that you are to judge.

11. The other way of expressing it is that of assumption of risk. The court charges you that it does not apply to this case, because the evidence seems to show that he was sent to a machine which he had had nothing to do with; that he had never done any work there before; and while a man who went and got employment might assume the risks of the business to some extent, because a man is supposed to know all about it, here is a case of a boy taken from his regular work and sent on a special work, when the evidence seems to show that he had no chance to become acquainted with it. He was sent there, and given no chance to study the machine, so there was no question of assumption of risk on his part. There is a question of contributory negligence, as I have above pointed out, whether he so acted in the management of that machine that you can say that he was negligent. As to the evidence on that point, the court will leave it entirely to you as to whether he was negligent in using his hand, and not using a dipper or a paddle or something else. That is for you to say. If he was guilty of contributory negligence, he cannot recover, of course, though what you would expect of any boy of fifteen would be less than what you would expect of a man. The principle of contributory negligence is not so strong with a boy as it would be if he were an adult, but it may exist.

So the two defenses in this case, as I understand them, are that Gregorio, who seems to have given the order, was not in

Martinez v. The Paul Taylor Brown Co.

any sense the agent or foreman of the defendant. If that is so, you would not find for the plaintiff. The other is that the plaintiff is guilty of contributory negligence. If that is so, you would not find for the plaintiff.

.12. I do not assume at all what your verdict will be. In case, however, it is for the plaintiff, you would need to have some rule as to damages, and it is necessary, therefore, to say something as to the measure of damages. In doing this, please understand that I am not telling you to give a cent of damages. But if you do, the measure of damages would be somewhat along this line. The statute, § 1803, you observe, says that the party in default must make good the damages that he has caused. Of course that does not mean putting three fingers back upon the hand; that is impossible. It is in this case a question of money damages, if there are any at all. The amount claimed is $10,000. If you find for the plaintiff, you may give him anything the evidence justifies, from one cent up to $10,000. You could not go beyond the $10,000, or, of course, below the one cent.

The statute does not contemplate that a man shall be punished, or that punitive damages can be recovered under this section. That comes up in certain cases where a defendant has been guilty of wanton negligence, but does not come up in the case which is now before you. The damages are limited exclusively to a money compensation to the plaintiff, and what the compensation should be is for you to say. There is some evidence of the earning capacity of the boy. There is some evidence of the earning capacity of employees like him that were older; and remember that his earning capacity is affected for his whole life. It would not be what he could earn when he

was fifteen. That might be the beginning of it. It would be
what he could earn at sixteen, eighteen, twenty-five, and so on,
because the injury is permanent. He would be entitled to what-
ever is the difference between his earning capacity all his life
in his present condition, and his earning capacity if he had
.a perfect hand, taking into account his situation in life and
all his surroundings; what kind of work he would probably
be able to engage in. It is not proper for me to say what
that would be. In addition to that, however, there is this to
be taken into account, that in consequence of any such accident
there is bound to be a great deal of pain. You are entitled
to take that into account, if, of course, you allow damages at
.all. And furthermore, in consequence of a permanent loss of
a part of the body there is a disfigurement for life, subjecting
one to comment and to disqualification for certain lines of busi-
ness. You are entitled to take those three things, therefore,
into account,—diminution of earning capacity, pain, and de-
formity. But you are not entitled to take into account any
question of punitive damages, punishing the defendant in any
way,—simply the question of compensation along the three lines
mentioned.

13. Let me add, however, that while it is important to do
justice between man and man, it is also important that courts
be not used for other purposes. Machinery must be used in
modern civilization. There must be factories on this island to
develop it; we are bound to have them. And if juries should
go ahead and give verdicts against corporations merely because
they are corporations, or verdicts that are excessive, it would
not only have a bad public effect, but, so far as this court is
concerned, such a verdict would be absolutely useless. It would

Martinez v. The Paul Taylor Brown Co.

be the duty of this court not to permit such a verdict to stand. I do not assume that you will act in such a way, but it is proper to add that comment.

14. I have been asked to give the following charges on behalf of one party or the other, and you are to take them in connection with what I have just given you as the general charge of the court. The special charge is not entitled to any more weight than the general charge; in fact, if anything, it is not entitled to quite the same weight, because it does not stand alone. It must be taken in connection with the general charge.

15. The jury is instructed that it was the duty of the plaintiff to use ordinary care, which is just such care as boys of his age of ordinary care and prudence would use under like circumstances, and you should take into consideration the age of the boy and the judgment, knowledge, and experience he possesses.

The jury is instructed that persons who employ children must anticipate the ordinary behavior of children, and must take notice of their lack of judgment, and must exercise greater care for and towards them than is required by law to be exercised for and towards adult persons, having regard to the age and development in this instance of the plaintiff.

16. The jury is further instructed that it is the duty of the master who sets a servant to work in a place of danger, or with dangerous machinery or appliances, to give him such notice and instruction as is reasonably required by the youth, inexperience, or want of capacity of the servant. And failing to do so, the master is liable for the damages suffered through such failure.

The jury is instructed that if it finds that the plaintiff did

VI. Porto Rico—27.

not understand all the dangers and hazards of the work he was ordered to do by the foreman or foremen or person in charge of the plaintiff acting as foreman, and it finds that it was dangerous and hazardous work for a boy of the plaintiff's age, judgment, and experience, it was the duty of this foreman or such person to instruct him in respect thereto, that he might conduct himself so as to guard against such peril.

The jury is further instructed that if the plaintiff was injured in consequence of the negligence of the defendant's foreman or vice principal, and he by reason of his youth and want of judgment as to the perils of the work did some act in the discharge of his duty as he understood it, which also contributed to his injury, but which he did not know to be likely to injure him, and he had not been properly advised and instructed in regard thereto, then he can recover.

The jury is instructed that if it finds from the evidence that a man called Gregorio Rexach was allowed by the company to act as foreman or an employee exercising authority over other employees, or that the said Rexach did pretend to be and actually did act as a foreman, and such action was tolerated or accepted by the defendant, then the defendant is responsible for the acts of the said Rexach, just as if he had been actually appointed as foreman by the defendant.

The jury is instructed further that if they find from the evidence that one of the foremen of the defendant company ordered the plaintiff to work on the machine on which he was injured, that order of the foreman was the order of the company, and they are responsible for the foreman's acts as though they were their own, although the foreman had not authority to make such order.

Martinez v. The Paul Taylor Brown Co.

If the jury finds for the plaintiff, it should assess the general damages in such sum as will compensate the plaintiff for the injury received, and, in so doing, should take into consideration his bodily and mental pain and suffering, the inconvenience to him of being deprived of three fingers of his right hand, and the extent of loss he has sustained to his earning capacity.

You are further instructed that a boy of fifteen years is not legally incapable of contributory negligence. If the plaintiff were a mere infant, it would be my duty to charge you that he could not be guilty of such negligence as would relieve the company from liability, provided itself were negligent. But in the case of a boy of the age of the plaintiff, it is for you to judge from his appearance and manner and intelligence or lack of it, that he shows upon the stand, whether he could be reasonably supposed to anticipate the danger of the position.

If you believe from the evidence that the boy voluntarily left the place where he was supposed to be at work, and where it was his duty to work, and under such circumstances that it was not the duty of the employer or his agents to know where he was going, or to anticipate what he would do, and, as a matter of fact, the employer and his agents did not know, then you should find for the defendant, whether or not you believe that the boy was of such an age as to be capable of understanding the nature of what he did.

It is not the duty of the employer to erect an impassable barrier around a machine that is not dangerous *per se,* nor to maintain a guard about it.

The question is whether the employer or his agents could, or reasonably should, anticipate what was done by the boy.

Martinez v. The Paul Taylor Brown Co.

17. A machine of this kind is not dangerous *per se,* and a person or a corporation is not liable for having one in its possession as a matter of law. It is only where the defendant is negligent in the use of such machine, or permitting it to be used in a negligent manner, that he can be held liable.

Mr. Molina: Your Honor said, in speaking of the contributory negligence of the plaintiff, that the jury might determine that he was contributorily negligent in not using a dipper. I ask your Honor to instruct the jury that he could only be found negligent in that regard if he had been instructed so to do.

The Court: That is true, gentlemen. He would be negligent if he had been instructed, or saw it in use, or otherwise was shown to know that that was the proper thing to do.

18. Gentlemen, those are the charges that have been asked, and you are to take them in connection with the general charge that the court has given, and you will now retire and consider of your verdict. You will select your own foreman for the purposes of this case, and the form of your verdict will be one of two. In case you find for the plaintiff, it will be: We, the jury, find for the plaintiff, and assess his damages at the sum of $———; to be signed by your foreman and returned. If you find for the defendant, the form of your verdict will be: We, the jury, find for the defendant; and your foreman will sign that and return it into court.